IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                 No. CR 04-2075 BB

CLIFFORD PHILLIPS,

      Defendant.

## MEMORANDUM OPINION ON SENTENCING

DEFENDANT was before the Court on a charge he was transporting marijuana, together with a load of broccoli in his cross country tractor trailer. Defendant pled guilty and accepted responsibility.

Defendant dropped out of high school to support his family as a trucker. He is 58 years old and has no prior criminal history points, but testified as a long distance trucker he has often been approached to take on "extra cargo" for a fee. Although he initially declined on this occasion, he eventually succumbed and was to be paid $5,000 when he arrived at a truck stop in Birmingham, Alabama. He testified 3-4 unknown males loaded boxes on his truck. At the border inspection checkpoint near Lordsburg, New Mexico, several cardboard boxes containing approximately six hundred kilograms of marijuana were discovered along with Defendant's authorized load.

**At sentencing, Mr. Phillips testified credibly that he did not know those who asked him to transport the marijuana, what it was or how much he was hauling. Based on this testimony, I found he was entitled to a four-level adjustment as a minimal participant.**

**According to the Application Notes to U.S.S.G. § 3B1.2(a), a "minimal participant" in a criminal enterprise is a designation "intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." Application Note 4, U.S.S.G. § 3B1.2. Prior to *United States v. Booker*, 125 S. Ct. 738 (2005), a sentencing court had the discretion to grant a role adjustment if it found that the defendant had no knowledge or control over the amount or purity of drugs. *United States v. Mendoza*, 121 F.3d 510 (9th Cir. 1997); *United States v. Chalarca*, 95 F.3d 239, 245 (2d Cir. 1996); *cf. United States v. Wong Chi Keung*, 1990 U.S. Dist. Lexis 3868 (S.D.N.Y. 1990) (merely transporting suitcase known to be "loaded" qualified as minimal). Logically, these considerations should be no less apposite since *Booker* which dictates the court has not only the opportunity but the duty, to consider all of the circumstances surrounding the offense and specific to defendant. *United States v. Mares*, 2005 WL 503715 (5th Cir. 2005); *United States v. Ameline*, 2005 WL 350811 (9th Cir. 2005).**

2

**Since *Booker* now requires consideration of all the factors in 18 U.S.C. § 3553 in reaching a just sentence, I also considered Mr. Phillips relatively advanced age, 58, in calculating this sentence. *United States v. Nellum*, 2005 WL 300073 (N.D. Ind. 2005); *United States v. Naylor*, 2005 WL 525409 (W.D. Va. 2005). Given his age and minimal involvement in the crime, 38 months in a federal penitentiary is "just punishment" which will protect the public from any threat Mr. Phillips will engage in, future illegal conduct, and I do not believe it can be considered "unreasonably short" given the "seriousness" of the offense. *United States v. Paladino*, 2005 WL 435430 (7th Cir. 2005); *United States v. Gray*, 2005 U.S. Dist. Lexis 4052 (D.W. Va.)**

**This opinion shall also be appended to Defendant's Judgment and Commitment form.**

**DATED this 21st day of March, 2005.**

*[signature: Bruce D. Black]*

**BRUCE D. BLACK**
**United States District Judge**